UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

CARMEN ROBLES,

                        Plaintiff,

    -against-

COX & COMPANY, INC.,

                    Defendant

-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 2 1 2011 ★
BROOKLYN OFFICE

CV 11 - 1975

COMPLAINT  SPATT, J.

Plaintiff, by her attorney, Adeline Ellis, who is duly admitted to practice before this court, sets forth the following complaint against defendant based upon information and belief:

### INTRODUCTION

This is an action resulting from unlawful age discrimination, hostile work environment, retaliation, breach of express and implied contract, and emotional distress suffered by plaintiff during her tenure of employment with Cox & Company, Inc. Plaintiff seeks compensatory and punitive damages, as well as equitable relief under both federal, state, and city law and brings her claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. section 2000e et. seq. ("Title VII"); (specifically 704 (a) of Title VII, 42 USC section 2003-3(a) of 1967,the Age Discrimination in Employment Act of 1967, 29 U.S.C. section 621 et seq. ("ADEA"); and the New York State Executive Law, section 296 et. seq. (the "Human Rights Law"); and the administrative Code of the City of New York, section 8-107 et. seq. (the "City Law") and New York common law.

## JURISDICTION AND VENUE

1. Jurisdiction over Ms. Robles's Title VII claim is conferred by 42 U.S.C. section 2000e-5(f)(3).

2. Jurisdiction over Ms. Robles's ADEA claim is conferred by 29 U.S.C. section 626 ( c ) (1).

3. Supplemental jurisdiction over her Human Rights Law and City Law claims is conferred by 29 U.S.C, section 1367 (a).

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. section 1331 and 28 U.S.C. section 1343.

5. Venue is proper in this district pursuant to the general venue statute, 28 U.S.C. section 1391, and under Title VII's special venue statute, 42 U.S.C. section 2000e-5(f)(3.

## PARTIES

Plaintiff-

6. At all relevant times , plaintiff has resided and continues to reside in Brooklyn and in the Eastern District of New York.

7. Plaintiff speaks primarily Spanish and speaks and reads little English.

8. Plaintiff is a single parent whose adult son is afflicted with a progressive debilitating disease.

9. Plaintiff was hired by defendant, Cox & Company, Inc. on July 30, 1968 and worked for the defendant for over 30 years until she was wrongfully terminated on October 9, 1998 and then subsequently reinstated on January 28, 2002.

10.     Plaintiff was employed by Cox & Company for 40 years as an assembly line worker, solderer, and stockroom clerk first in their New York City building and then in Plainview, Long Island, New York.

11.     During the course of her employment, plaintiff received many awards for her good work and innovative ideas and was promoted to group leader. She was eventually recommended by her supervisor to train inspectors in soldering.

12.     At all times mentioned herein, plaintiff was an employee within the meaning of the Age Discrimination in Employment Act (29 U.S.C.A. section 621) protected against discrimination in employment on the basis of her age and was a member of the protected group of workers 40 years of age or older.

Defendant-

13.     The defendant is currently located and has its principal place of business in the Eastern District of New York and the unlawful employment practices alleged herein were committed in whole or in part in the Eastern District of New York and in the Southern District of New York.

14.     At all times mentioned herein, defendant was an employer within the meaning of the Age Discrimination in Employment Act (29 U.S.C.A. section 621) and title VII.

15.     Defendant, COX & COMPANY, Inc., is a corporation incorporated under the laws of the State of New York which at all times stated herein did and still does business within this district and in the State of New York.

16.     Cox & Company, Inc., is subject to the jurisdiction and venue of this Honorable Court and may be served with process by serving it and /or its agent at 1664 Old Country Road Plainview, N.Y. 11803.

## PRIOR LAWSUIT

17. On October 9, 1998, Ms. Robles was wrongly terminated by the defendant under a pretext that she was hiding blueprints in her locker.

18. She instituted a lawsuit for quid pro quo sexual harassment, hostile work environment, and retaliation and a settlement agreement was subsequently entered into with among other things, an agreement to reinstate her.

19. On account of the foregoing, Ms. Robles resumed her former employment with Cox & Company.

## STATEMENT OF RELEVANT FACTS AND EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

20. Contrary to the terms of the aforesaid settlement agreement which set forth the conditions of her return to employment with the defendant and specifically stated that she would return to her former position on assembly as a solderer on the third floor, when Ms. Robles returned to Cox, she instead was reassigned to the second floor.

21. On the second floor she was immediately exposed to harmful toxins and fiberglass, even though her previous exposure to the foregoing had seriously injured her and had been diagnosed as a "job-related injury" which defendant's medical consultant directed defendant to address by not exposing plaintiff to same.

22. After intervention by her attorney and threats of returning back to Court, Ms. Robles was removed from the toxins and fiberglass that she was allergic to. She was not, however, placed on the third floor as set forth in the settlement agreement. It was explained to her that she could not be moved back to the third floor since the wife of her harasser was working on that floor. It was also stated

to her and placed in a letter to her attorney that there was no physical space for her and that she did not know how to perform that type of soldering.

23. Ms. Robles thereafter performed her duties in the stockroom in an excellent manner as she had done during the course of her 40 years of employment.

24. Ms. Robles along with 3 other employees worked in the stockroom. They included Henrietta Leka, Sonia Morales, Monica Carillo and the supervisor, Marie Buice.

25. On April 24, 2009, defendant wrongfully terminated her for a second time but continued employment of the younger and less senior employees.

26. On or about May 4, 2009, Carmen Robles filed a timely charge of discrimination with the New York State Division of Human Rights FEPA Charge # 10133536 and filed a charge of discrimination simultaneously with the EEOC, Charge # 16GA903878.

27. On or about September 10, 2009 Carmen Robles filed an amended charge of discrimination with the New York State Division of Human Rights to include a charge of retaliation for her previous lawsuit filed under Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972 (42 U.S.C. section 2000e, et seq.) and New York State Human Rights Law- Executive Law section 290, et seq.

28. On or around July 21, 2010, Carmen Robles received a Determination After Investigation that the agency has jurisdiction over this matter and that PROBABLE CAUSE exists to believe that the Cox & Company engaged in unlawful age discrimination. A copy of that decision is attached as Exhibit A and made a part hereof by this reference as though fully set forth herein.

29. On December 6, 2010, Carmen Robles received a copy of the recommended order of Annulment of Election of Remedies of Administrative Law Judge, Michelle Blackman, a copy of same is attached hereto as Exhibit B and made a part hereof by this reference as though fully set forth herein.

30. On January 7, 2011, she received the final order dismissing her complaint for the purpose of allowing her to annul her election of remedies and pursue her action in court by Galen D. Kirkland, the Commissioner of the New York State Division of Human Rights, a copy of same is attached hereto as Exhibit C and made a part hereof by this reference as though fully set forth herein.

31. On or around March 18 2011, the Equal Employment Opportunity Commission issued a Notice of Right To Sue, a copy of which is attached hereto as Exhibit D and made a part hereof by this reference as though fully set forth herein.

32. This lawsuit has been timely filed within 90 days of Ms. Robles's receipt of the EEOC's right-to-sue notice.

33. Pursuant to section 8-502 ( c) of the City Law, prior to filing this Complaint, plaintiff Robles served a copy of the Complaint on the City of New York Commission of Human Rights and the City of New York Corporation Counsel.

34. As a direct and proximate cause of her being wrongfully terminated by Cox, Ms. Robles has suffered and will continue to suffer a substantial loss of earnings to which she otherwise would have been entitled . This includes, but is not limited to loss of salary, pension benefits, health insurance and other entitlements.

35. As further direct and proximate cause of her being fired by Cox, Ms. Robles has suffered physical pain and suffering, mental anguish, and the loss of enjoyment of life's pleasures.

36.     Cox acted willfully and in reckless disregard of Ms. Robles's rights under Title VII and the ADEA by discharging her from employment on account of her age and retaliating against her from her previous employment lawsuit.

## STATEMENT of CLAIMS

### COUNT 1: VIOLATION OF ADEA

37.     Ms. Robles repeats and incorporates by reference the allegations of paragraphs 1-36 of the Complaint as if they were set forth in full.

38.     Cox & Company terminated Ms. Robles's employment on account of her age and thereby violated her right to equal employment opportunity as protected by the ADEA.

### COUNT 2: VIOLATION OF THE HUMAN RIGHTS LAW

39.     Ms. Robles repeats and incorporates by reference the allegations of paragraphs 1-38 of the Complaint as if they were set forth in full.

40.      Cox & Company terminated Ms. Robles's employment on account of her age in violation of her right to equal employment opportunity as protected by the Human Rights Law, section 296 et. seq.

### COUNT 3: VIOLATION OF THE CITY LAW

41.     Ms. Robles repeats and incorporates by reference the allegations of paragraphs 1-40 of the Complaint as if they were set forth in full.

42.     Cox & Company terminated Ms. Robles's employment on account of her age and thereby violated her right to equal employment opportunity as protected by the New York City Administrative Code including but not limited to 8-107 (1) (a) and 8-101.

### COUNT 4: VIOLATION OF TITLE VII

43. Ms. Robles repeats and incorporates by reference the allegations of paragraphs 1-39 of the Complaint as if they were set forth in full.

44. Cox & Company terminated Ms. Robles's employment in retaliation for her charge of discrimination with EEOC and subsequent lawsuit against Cox & Company for their unlawful conduct under Title VII as protected by 42 U.S.C.A. section 2000e.

### COUNT 5: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Ms. Robles repeats and incorporates by reference the allegations of paragraphs 1-44 of the Complaint as if they were set forth in full.

46. The conduct and actions described in the foregoing paragraphs constitute the tort of intentional infliction of emotional distress under New York Common Law.

### COUNT 6: BREACH OF CONTRACT: EXPRESS AND IMPLIED COVENANT NOT TO DISCRIMINATE AND TERMINATE

47. Robles repeats and incorporates by reference the allegations of paragraphs 1-46 of the Complaint as if they were set forth in full.

48. In December 2001, Ms. Robles executed a settlement agreement of which one of the provisions required Cox & Company to reinstate her to her original position before she was unlawfully terminated.

49. Contained in the aforesaid agreement was the express and implied agreement that defendant provide a workplace of good faith and fair dealing and not to discriminate against her.

50.     Plaintiff's termination on April 24, 2009 violated this express agreement not to discriminate and implied covenant to treat her fairly and not to terminate her.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Robles respectfully requests the Court to enter judgment in her favor and against Cox &Company and to accord her the following relief:

(a) Back pay with prejudgment interest and all the fringe benefits to which she is entitled;

(b) Front pay and benefits to the extent reinstatement is not feasible;

(c) Lost pension earnings;

(d) Mental anguish, embarrassment, humility, anguish and emotional injury

(e) Punitive damages to punish and deter Cox & Company from future acts of employment discrimination in an amount authorized by Title VII and the City Law;

(f) Liquidated damages in an amount equal to twice Ms. Robles's back pay losses as authorized by ADEA;

(g) An award of reasonable counsel fees and costs to compensate Ms. Robles for having to prosecute this action against Cox & Company ; and

(h) Such other legal and equitable relief or may be just and proper under the circumstances.

## JURY DEMAND

Ms. Robles demands a trial by jury on all issues in this action that are triable by law.

Respectfully submitted,

*Adeline Ellis*

Adeline Ellis, Esquire (AE3972)
Law Office of Adeline Ellis
POB 544
11 Rossetter Street
Great Barrington, MA  01230

**EXHIBIT A**



**DAVID A. PATERSON**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>CARMEN M. ROBLES,<br>       Complainant,<br>    v.<br><br>COX & COMPANY, INC.,<br>       Respondent. | DETERMINATION AFTER INVESTIGATION<br><br>Case No.<br>10133536 |

Federal Charge No. 16GA903878

  On 5/4/2009, Carmen M. Robles filed a verified complaint with the New York State Division of Human Rights ("Division"), charging the above-named Respondent with an unlawful discriminatory practice relating to employment because of age, race/color in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

  After investigation, the Division has determined that it has jurisdiction in this matter and that <u>PROBABLE CAUSE</u> exists to believe that the Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.

  Pursuant to the Human Rights Law, this matter is recommended for public hearing. The parties will be advised of further proceedings.

Dated: July 21, 2010
   Hempstead, New York

             STATE DIVISION OF HUMAN RIGHTS

      By: _____
         Ronald B. Brinn
         Regional Director

**EXHIBIT B**



**DAVID A. PATERSON**
GOVERNOR

**NEW YORK STATE**
**DIVISION OF HUMAN RIGHTS**

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>CARMEN M. ROBLES,<br>　　　　　　　Complainant,<br>　　　　v.<br><br>COX & COMPANY, INC.,<br>　　　　　　　Respondent. | **RECOMMENDED ORDER OF ANNULMENT OF ELECTION OF REMEDIES**<br><br>Case No. 10133536 |

## PROCEEDINGS IN THE CASE

On 5/4/2009, Complainant filed a verified complaint with the New York State Division of Human Rights ("Division"), charging Respondent with unlawful discriminatory practices relating to employment in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division found that it had jurisdiction over the complaint and that probable cause existed to believe that Respondent had engaged in unlawful discriminatory practices. The Division thereupon referred the case to public hearing.

The case was assigned to Michelle L. Blackman, an Administrative Law Judge ("ALJ") of the Division. Complainant was represented by Adeline Ellis, Esq.. Respondent was represented by Jennifer M. Marrinan, Esq.

Pursuant to Section 297.9 of the Human Rights Law, a complainant, at any time prior to a hearing before a hearing officer, may request that the Division dismiss the complaint and annul

the election of remedies so that the case may be pursued in court, and the Division may, upon such request, dismiss that case on the grounds that the complainant's election of an administrative remedy is annulled.

Section 297.9 of the Human Rights Law provides that:

> ... where the Division has dismissed such complaint on the grounds ... that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed. ... [I]f a complaint is so annulled by the division, upon the request of the party bringing such complaint before the division, such party's rights to bring such cause of action before a court of appropriate jurisdiction shall be limited by the statute of limitations in effect in such court at the time the complaint was initially filed with the division.

The above named complainant has made a request for an annulment. The complaint is ordered dismissed, on the grounds that the Complainant's election of an administrative remedy is annulled.

DATED: December 6, 2010
Bronx, New York

Michelle L. Blackman
Administrative Law Judge

- 2 -

Exhibit C



ANDREW M. CUOMO
GOVERNOR

**NEW YORK STATE
DIVISION OF HUMAN RIGHTS**

---

NEW YORK STATE DIVISION
OF HUMAN RIGHTS
   on the Complaint of

CARMEN M. ROBLES,

                               Complainant,
              v.

COX & COMPANY, INC.,

                               Respondent.

---

**NOTICE AND
FINAL ORDER**

Case No. 10133536

PLEASE TAKE NOTICE that the attached is a true copy of the Recommended Order of Annulment of Election of Remedies ("Recommended Order"), issued on December 6, 2010, by Michelle L. Blackman, an Administrative Law Judge of the New York State Division of Human Rights ("Division"). An opportunity was given to all parties to object to the Recommended Order, and all Objections received have been reviewed.

<u>PLEASE BE ADVISED THAT, UPON REVIEW, THE RECOMMENDED ORDER IS HEREBY ADOPTED AND ISSUED BY THE HONORABLE GALEN D. KIRKLAND, COMMISSIONER, AS THE FINAL ORDER OF THE NEW YORK STATE DIVISION OF HUMAN RIGHTS ("ORDER")</u>. In accordance with the Division's Rules of Practice, a copy of this Order has been filed in the offices maintained by the Division at One Fordham Plaza, 4th Floor, Bronx, New York 10458. The Order may be inspected by any

member of the public during the regular office hours of the Division.

**PLEASE TAKE FURTHER NOTICE** that any party to this proceeding may appeal this Order to the Supreme Court in the County wherein the unlawful discriminatory practice that is the subject of the Order occurred, or wherein any person required in the Order to cease and desist from an unlawful discriminatory practice, or to take other affirmative action, resides or transacts business, by filing with such Supreme Court of the State a Petition and Notice of Petition, <u>within sixty (60) days after service of this Order</u>. A copy of the Petition and Notice of Petition must also be served on all parties, including the General Counsel, New York State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. <u>Please do not file the original Notice or Petition with the Division</u>.

**ADOPTED, ISSUED, AND ORDERED.**

DATED: **JAN 0 7 2011**
Bronx, New York

_____
GALEN D. KIRKLAND
COMMISSIONER

Exhibit D

EEOC Form 161 (11/09)                  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Carmen M. Robles<br>219 Scholes Street Apt. 1-A<br>Brooklyn, NY 11206 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2009-03878 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)     **Charging Party wishes to pursue the matter in Federal District Court.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ Elizabeth Grossman*            March 18, 2011

Enclosures(s)         Elizabeth Grossman,         (Date Mailed)
                      Acting District Director

cc:   COX & COMPANY, INC.                    Adeline Ellis, Esq.
      Attn: Director of Human Resources      Attorney At Law
      1664 Old Country Road                  P.O. Box 544
      Plainview, NY 11803                    Great Barrington, MA 01230